IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Leoncio Elizarri and Gregory L. Jordan, individually and for others similarly situated, | ) ) ) ) | |
| *Plaintiffs*, | ) ) ) | No. 17-cv-8120 |
| -vs- | ) ) | *(Judge Durkin)* |
| Sheriff of Cook County and Cook County, Illinois, | ) ) ) | |
| *Defendants*. | ) | |

## AMENDED COMPLAINT

Plaintiffs, by counsel, allege as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343.

2. Plaintiffs Leoncio Elizarri and Gregory L. Jordan are residents of the Northern District of Illinois.

3. Defendant Sheriff of Cook County is sued in his official capacity.

4. Defendant Cook County is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

5. To maintain a safe environment at the Cook County Jail, defendant Sheriff prohibits persons in his custody from possessing a variety of personal property.

6. The Sheriff, through his employees, thus lawfully seizes many items of personal property from prisoners as they enter the Jail.

7. Illinois law and the Fourth Amendment to the Constitution of the United Constitution require defendant Sheriff to safely secure the above described personal property while it remains in his custody.

8. Illinois law requires the Sheriff, when transferring a prisoner to the Illinois Department of Corrections, to send to the receiving facility all of the prisoner's personal property that the receiving facility will accept. Such items are known as "compliant property" and consist of the following:

    a. All monies held in the prisoner's commissary account
    b. Identification cards
    c. Legal papers
    d. One religious book, such a Bible or a Koran
    e. Eyeglasses or contacts and case (soft)
    f. Personal correspondence
    g. Wedding Band (without stones)
    h. Photos (up to 24)

9. Prisoner property that the receiving facility will not accept is known as "non-compliant property."

10.     Illinois law requires the Sheriff to establish procedures to dispose of non-compliant property when he transfers a prisoner to the Illinois Department of Corrections.

11.     As set out below with greater specificity, plaintiff contends that the procedures established by the Sheriff do not comport with the Fourth and Fourteenth Amendments to the Constitution of the United States and have resulted, and continue to result, in irreparable harm to plaintiffs and others similarly situated.

12.     Before 2008, the procedure established by the Sheriff was to destroy the non-compliant property of prisoners transferred to the Illinois Department of Corrections unless the prisoner secured the services of another person to take custody of the property.

13.     As part of this procedure, the Sheriff informed prisoners being transferred to the Illinois Department of Corrections that he would dispose of their personal property if it was not picked up by another person within 45 days.

14.     Starting in 2008, the Sheriff stopped destroying the "non-compliant" property referred to in the preceding paragraph; the Sheriff adopted a new procedure of storing that property while awaiting instruc-

tions from the court presiding over *Elizarri v. Sheriff*, 07-cv-2427, *aff'd* 7th Cir., No. 17-1522, August 23, 2018.

15. In 2011, the Sheriff hired an outside vendor to inventory the "non-compliant" property referred to in the preceding paragraph.

16. The outside vendor provided the Sheriff with an inventory of 57,641 sealed property bags of detainees who had been transferred from the Jail to the Illinois Department of Corrections.

17. Included within this inventory are 23,415 property bags that contained "compliant property" that should have been sent to the Illinois Department of Corrections, including cash and various forms of identification, such as driver's licenses and social security cards.

18. One of the above described bags contains "compliant property" that belongs to plaintiff Jordan.

19. Also included within the above referred inventory are 386 property bags containing valuable jewelry that could not have been voluntarily abandoned; this valuable jewelry includes at least one diamond ring worth more than $25,000.

20. Following receipt of the inventory, the Sheriff considered establishing a procedure to return this property to its owners but decided to

do nothing about the prisoner property he continues to unreasonably retain.

21. Plaintiffs and thousands of others similarly situated have been and continue to be harmed because of the Sheriff's unreasonable refusal to implement a procedure to return their property.

22. Plaintiff Elizarri was serving a term of probation when, on December 30, 2015, he appeared before a judge of the Circuit Court of Cook County.

23. The judge ordered employees of the Sheriff of Cook County to take plaintiff into custody for having allegedly violated terms of his probation.

24. Plaintiff Elizarri had a variety of personal property in his possession when he appeared before the judge on December 30, 2015, including $22.50 in United States currency, a driver's license, a social security card, a prepaid VISA card (which had a $200 balance), a CTA bus card, a cell phone, and various pieces of jewelry.

25. A deputy sheriff employed by defendant Sheriff inventoried plaintiff Elizarri's personal property and placed plaintiff's possessions, including $22.50 in United States Currency, credit cards, rings, wallet, bracelets, and belt into a sealed property bag.

26. Other employees of the Sheriff of Cook County subsequently processed plaintiff Elizarri into the Cook County Jail. Plaintiff Elizarri's personal property, including the $22.50 in United States Currency, remained in the sealed property bag.

27. Plaintiff Elizarri was held at the Cook County Jail until May 12, 2016 when he was transferred to the custody of the Illinois Department of Corrections.

28. Plaintiff Elizarri remained in the custody of the Illinois Department of Corrections until December 9, 2016, when he was discharged on "mandatory supervised release."

29. Plaintiff Jordan has entered the Cook County Jail on several occasions, most recently on July 3, 2014.

30. When Jordan entered the Jail on July 3, 2014, his personal property included keys, social security card, state identification card, wallet, and belt.

31. Plaintiff Jordan was transferred from the Jail to the Illinois Department of Corrections in March of 2015.

32. Plaintiff Jordan remained in the custody of the Illinois Department of corrections until January of 2018.

33. The Sheriff did not send plaintiffs' personal property to the Illinois Department of Corrections; instead the Sheriff placed the property of plaintiff Elizarri and of plaintiff Jordan in storage along with other prisoner property pursuant to the above-described policy.

34. The Sheriff is continuing to hold plaintiffs' personal property, as well as the personal property of thousands of other similarly situated former prisoners, awaiting instructions from a court of competent jurisdiction.

35. As a result of the foregoing plaintiffs and thousands of other similarly situated former prisoners have been deprived of rights secured by the Fourth and Fourteenth Amendments.

36. Plaintiffs therefore seeks relief for a class of all persons transferred to the Illinois Department of Corrections from the Cook County Jail whose property remains in the custody of the Sheriff of Cook County.

37. The proposed class satisfies each of the prerequisites of Rule 23(a) and certification is appropriate under Rules 23(b)(2) and 23(b)(3).

38. Plaintiffs hereby demands trial by jury on any issue for which a jury is available.

WHEREFORE plaintiffs request that the Court grant appropriate injunctive relief requiring the Sheriff to return all property belonging to

former detainees at the Jail and to make appropriate restitution for property that has been lost, misplaced, or stolen. Plaintiffs also requests that the costs of this action, including fees and costs, be taxed against defendants.

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC No. 08830399
Joel A. Flaxman
200 South Michigan Ave Ste 201
Chicago, Illinois 60604
(312) 427-3200
*Attorneys for Plaintiffs*