UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEONICIO ELIZARRI AND GREGORY L. JORDAN, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHERIFF OF COOK COUNTY AND COOK COUNTY, ILLINOIS,<br><br>Defendants. | No. 17 CV 8120<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Leonicio Elizarri and Gregory L. Jordan, individually and on behalf of others similarly situated, sued the Sheriff of Cook County and Cook County, Illinois based on Cook County Jail's practice of holding the personal property of thousands of former prisoners. R. 42. Currently before the Court is the Sheriff's motion to dismiss Gregory L. Jordan's claim under Fed. R. Civ. P. 12(b)(6). R. 47. For the following reasons, the Court denies the Sheriff's motion.

**Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background[1]

The Sheriff lawfully seizes prisoner property when prisoners enter Cook County Jail. R. 42 ¶ 6. When a prisoner is transferred away from Cook County Jail, Illinois law requires the Sheriff to send to the receiving facility "compliant property," which consists of: (a) monies in the prisoner's commissary account; (b) identification cards; (c) legal papers; (d) one religious book; (e) eyeglasses or contacts and case; (f) personal correspondence; (g) wedding bands without stones; and (h) photos (up to 24). *Id.* ¶ 8. It is unclear whether prisoners ordinarily have access to their compliant

---

[1] The Sheriff moved to dismiss the original complaint as premature on December 21, 2017. R. 13. The Court's May 5, 2018 decision denying that motion contains additional background facts. R. 23.

property upon transfer. Prisoner property that the receiving facility will not accept is known as "non-compliant property." *Id.* ¶ 9.

Before 2008, the Sheriff had a procedure of destroying all non-compliant property of prisoners transferred to other facilities unless the prisoner arranged for someone to pick up the property within 45 days. *Id.* ¶¶ 12-13. Beginning in 2008, the Sheriff changed its policy regarding non-compliant property. R. 42 ¶ 14. Instead of destroying it unless a prisoner made other arrangements for it following transfer, the Sheriff began storing it. *Id.*

In 2011, the Sheriff hired an outside vendor to inventory the collected non-compliant property. *Id.* ¶ 15. The vendor inventoried 57,641 sealed property bags belonging to detainees transferred from Cook County Jail to the Illinois Department of Corrections alone. *Id.* ¶ 16. Included in that inventory were 23,415 property bags that contained some compliant property that should have transferred with the prisoners pursuant to the compliant property policy described above. *Id.* ¶¶ 9, 17.

On November 9, 2017, Elizarri filed this lawsuit under 42 U.S.C. § 1983, alleging that the Sheriff failed to return the personal property taken from him on December 30, 2015 upon his December 9, 2016 release from the Illinois Department of Corrections in violation of the Fourth and Fourteenth Amendments. *Id.* ¶¶ 22-28, 33-35. Gregory L. Jordan then joined this lawsuit on September 5, 2018 as a second putative class representative through the amended complaint. R. 42.

Jordan most recently entered the Cook County Jail on July 3, 2014. *Id.* ¶ 29. His personal property upon entry included keys, a social security card, state

identification card, wallet, and belt. *Id.* ¶ 30. Jordan was transferred to the Illinois Department of Corrections in March 2015. *Id.* ¶ 31. The Sheriff did not send Jordan's personal property to the Illinois Department of Corrections. *Id.* ¶ 33. Instead, it was placed in storage with other prisoner property under the policy described above. *Id.* In fact, one of the 23,415 property bags inventoried as containing "compliant property" contained compliant property belonging to Jordan. *Id.* ¶¶ 17-18.

Jordan was released from the Illinois Department of Corrections on December 22, 2017. *Id.* ¶ 32; R. 50 at 3, n.1. Jordan's (and Elizarri's) personal property remains in the Sheriff's custody. R. 42 ¶ 33-34. The Sheriff does not contend that it has altered its policy regarding prisoner property. The amended complaint does not indicate what notice or other information Jordan had regarding what happened to his property either when he arrived at Cook County Jail in July 2014, or when he transferred to the Illinois Department of Corrections in March 2015. It is likewise unclear from the amended complaint whether Jordan is complaining about his compliant property, his non-compliant property, or both.[2]

Together with Elizarri, Jordan seeks "appropriate injunctive relief requiring the Sheriff to return all property belonging to former detainees," as well as "appropriate restitution for property that has been lost, misplaced, or stolen." *Id.* at 7-8.

---

[2] For purposes of the resolution of this motion, the Court assumes Jordan complains about both his compliant and non-compliant personal property. But Jordan would be well-advised to amend his complaint for clarity going forward.

**Analysis**

The Sheriff now moves to dismiss Jordan's Section 1983 claims as untimely. R. 47. Typically, "complaints do not have to anticipate affirmative defenses to survive a motion to dismiss." *U.S. v. Lewis*, 411 F.3d 838, 842 (2005) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). To be sure, if "there is any set of facts consistent with [the plaintiff's] allegations that would give rise to a right to relief," a complaint will survive a motion to dismiss. *Id.* "The exception occurs where . . . the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *Id.*

The statute of limitations period for Section 1983 claims in Illinois is two years. *See O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) ("The limitations period for § 1983 claims is based in state law, and the statute of limitations period for § 1983 actions in Illinois is two years."). The filing of a class action tolls the statute of limitations for potential class members. *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1978).

The Sheriff contends that Jordan's claims accrued in March 2015 when Jordan was released from Cook County Jail and transferred to the Illinois Department of Corrections, or at the latest forty-five days thereafter. R. 47 at 4; R. 51 at 3. In response, Jordan alleges that although the Sheriff has retained his property since his July 3, 2014 incarceration, he was not aware until his discharge from the Illinois Department of Corrections on December 22, 2017 that the Sheriff possessed and

would not release it. Because of this, Jordan contends that his claims accrued upon his release or perhaps have yet to accrue because the Sheriff still possesses his property. R. 42 ¶¶ 29-34; R. 50 at 2-3; 4-6. Accordingly, the sole issue here is the date upon which Jordan's claims accrued. If the accrual date is March 2015 when Jordan was transferred out of Cook County Jail (or forty-five days later), his claims are time-barred. If the date is December 2017 when Jordan was discharged (or later), his claims are timely.[3]

The discovery rule "governs the accrual of claims in federal suits." *U.S. v. Norwood*, 602 F.3d 830, 837 (7th Cir. 2010). "The discovery rule starts the statute of limitations running only when the plaintiff learns that he's been injured, and by whom." *Norwood*, 602 F.3d at 837 (citing *U.S. v. Kubrick*, 444 U.S. 111 (1979) and *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990)). Under Section 1983, then, a plaintiff's claim generally accrues when the plaintiff "knows or should have known that his or her constitutional rights have been violated." *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993).

Here, the amended complaint does not specify exactly when Jordan became aware of the whereabouts of his personal property. Nor does it indicate whether he received notice of any policy governing his personal property. *See generally* R. 42. Jordan indicates in his brief that he could not have known until his December 2017

---

[3] Jordan also alleges that because he seeks only injunctive relief in this case, there is no statute of limitations at all. R. 50 at 5-6. But the amended complaint seeks more than injunctive relief, so the Court need not address this argument. *See* R. 42 (seeking "restitution for property that has been lost, misplaced, or stolen").

release from penitentiary that his compliant property did not follow him. *See* R. 50 at 3 (Jordan "could not have known until he was discharged from the penitentiary [on December 22, 2017] that defendant did not send Jordan's 'compliant' personal property . . . to the Illinois Department of Corrections."). His brief says nothing specific about his knowledge regarding the whereabouts of his *non*-compliant property. *See generally id.*

It is unclear when Jordan knew or should have known about his constitutional claims as to his personal property. It is thus inappropriate to dismiss his claims as time-barred at this stage. *Compare Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) ("We find it appropriate here to consider the statute of limitations because the relevant dates are set forth unambiguously in the complaint."), *with Arnold v. Janssen Pharms., Inc.*, 215 F. Supp. 2d 951, 959 (N.D. Ill. 2002) ("impossible" to determine whether plaintiff's claims were time-barred on motion to dismiss where plaintiff did not include precise dates with her allegations), *and Padron v. Wal-Mart Stores, Inc.*, 783 F. Supp. 2d 1042, 1051 (N.D. Ill. 2011) (denying motion to dismiss on timeliness grounds where plaintiff did not allege a specific date on which defendant made its discriminatory decision).

The Sheriff's multiple representations in its reply brief that Jordan admitted "that he was made aware that his property had to be picked up from the Sheriff within 45 days after his release from the [Cook County Jail]" and that he "voluntarily relinquished" his rights to his property by not timely claiming it do not change the result. R. 51 at 2-3 (quoting R. 42 ¶ 13). Not only did Jordan lack the opportunity to

respond to the Sheriff's assertions, but neither the amended complaint nor Jordan's response brief contain any such admission. To be sure, paragraph 13 of the amended complaint spoke to the *pre*-2008 policy regarding non-compliant prisoner property, and, as noted, neither it, nor any other paragraph in the amended complaint said anything about the notice Jordan received regarding his property under the *post*-2008 procedure applicable to such property here. *See generally* R. 42.[4]

Thus, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in Jordan's favor, the Court finds that the amended complaint supports an inference that Jordan's claims were not time-barred as of the November 9, 2017 filing of this lawsuit. Dismissal on that ground at this stage is not appropriate. Whether Jordan can ultimately establish the defense requires consideration of evidence outside of the pleadings, and is more amenable to a motion for summary judgment after the parties have engaged in discovery.[5]

---

[4] Although not fully developed, the Court is also skeptical of the Sheriff's "voluntary relinquishment" argument. Even if that had been the policy at the time of Jordan's transfer to the Illinois Department of Corrections in March 2015—which again, there is no indication from the pleadings is the case—the Court would be hard-pressed to find Jordan's claims time-barred if the Sheriff still possesses Jordan's property.

[5] The Court declines to address Jordan's argument that *Manuel v. City of Joliet*, 903 F.3d 667 (7th Cir. 2018) directs a finding that the statute of limitations has yet to accrue in this case, because the Court is able to resolve this motion relying upon well-settled discovery rule principles, and application of *Manuel* to these facts would not alter the result. *Manuel*, 903 F.3d at 670 (holding as to the unconstitutional detention of a person, that "[t]he wrong of detention without probable cause continues for the duration of the detention. That's the principal reason why the claim accrues when the detention ends.").

**Conclusion**

For the foregoing reasons, the Court denies the Sheriff's motion to dismiss [47].

ENTERED:

*Thomas M Durkin*

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: December 17, 2018