IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Leoncio Elizarri, individually and for others similarly situated, )<br>)<br>*Plaintiff*, )<br>)<br>-vs- )<br>)<br>Sheriff of Cook County and Cook County, Illinois, )<br>)<br>*Defendants*. ) | No. 17-cv-8120<br><br>*(Judge Seeger)* |

**MOTION TO COMPEL**

Plaintiffs, by counsel, move the Court to compel defendant Sheriff of Cook County to produce a Rule 30(b)(6) witness to testify about "The reasons, if any, for the decision of the Sheriff to hold detainee property that would be accepted by the Illinois Department of Corrections when transferring a detainee to IDOC."

Grounds for this motion are as follows:

1. Plaintiffs noticed a Rule 30(b)(6) deposition of the Sheriff on August 6, 2021. A copy of the notice is attached to this motion.

2. On August 18, 2021, the Seventh Circuit decided *Conyers v. City of Chicago*, 10 F.4d 704 (7th Cir. 2021). After a careful review of *Conyers*, plaintiffs informed defendants that plaintiffs were withdrawing areas one and two in the Rule 30(b)(6) notice of deposition.

3. Counsel for the parties "confer[red] in good faith about the matters for examination" by email between undersigned counsel and Gerry Dombrowski, an attorney for the Sheriff on September 13, 2021, September 14, 2021, September 15, 2021, September 21, 2021, and September 22, 2021. The same counsel spoke by telephone on several occasions during the same period. (Plaintiffs' counsel did not log the date and time of these telephone calls.)

4. Plaintiffs agreed on September 22, 2021 to limit the deposition to the third matter set out in the notice:

> The reasons, if any, for the decision of the Sheriff to hold detainee property that would be accepted by the Illinois Department of Corrections when transferring a detainee to IDOC.

5. This issue was not before the Seventh Circuit in *Conyers* (which involved property of persons arrested by the Chicago Police Department) and arises from Title 20, Section 701.60(d) of the Illinois Administrative Code, which requires the Cook County Jail to send to the Illinois Department of Corrections all personal property of sentenced prisoners that will be accepted by the IDOC. This property includes government issued identification.

6. After a further exchange of email on September 24, 2021, September 27, 2021, and September 30, 2021, defendant Sheriff proposed on

September 30, 2021 to treat the narrowed Rule 30(b)(6) notice as an interrogatory to be answered as appears in Exhibit 2, attached:

> **ANSWER:** Defendant Sheriff Dart Objects to this Interrogatory on the basis that it is not related to the claims or defenses of any party and not proportionate to the needs of the case. To the extent that Plaintiff seeks further discovery concerning the reasoning or rationale behind CCSO's written policy concerning detainee property, CCDOC Policy 109, CCSO submits that this is not within the scope of discovery under Rule 26, because no part of Plaintiff's lawsuit (operative complaint or prior iterations) argues that Policy 109 is unconstitutional or unlawful. The current Second Amended Complaint makes no reference at all to the current policy or its terms. This lawsuit has always focused on the return of Plaintiffs' property, and not the legality or rationale of the written policy on transfer/donation/designation of property.
>
> Subject to and without waiving said objections, Defendant Sheriff Dart submits that the CCSO Policy 109 deems government-issued ID cards to "compliant property." *See* CCDOC Policy 109.2.1, "Definitions" of "Compliant Property, subsection (d). As a part of a detainee's "compliant property," pursuant to subsections 109.3 and 109.4.2, CCSO policy is to inventory and store detainee compliant property, and such property may be:
>
> - Released to designee during subject's stay, or
> - Claimed by subject upon release; or
> - If unclaimed for 45 days after release/shipment, sent to CCSO's Warehouse for disposition.
>
> Subsection 109.7.4 governs detainee personal property for detainees transferred to the Illinois Department of Corrections, including compliant property, not picked by the detainee or a designee. Pursuant to Rule 33(d)(1), Defendant Sheriff Dart directs Plaintiff to Policy 109.

> In further response to this special interrogatory, Defendant Sheriff Dart submits that the CCSO/CCDOC has no policy that *requires* all government-issued ID cards to be destroyed after a detainee is transferred to the custody of the IDOC, but rather has a policy that would permit government-issued ID cards, along with other "compliant property" to be destroyed if, upon transfer to the IDOC, the detainee fails to designate someone to pick up his or her "compliant property," or if no designee picks up the "compliant property," including any government-issued ID card, after 45 days.

7. These objections and purported answer are non-responsive: nowhere in the written policy or in any of the depositions taken to date is there any explanation for why the Sheriff has chosen to not send government issued identification along with sentenced inmates to the Illinois Department of Corrections.

8. Plaintiffs are entitled to learn the reason, if any, why the Jail does not send government issued identification to IDOC along with recently sentenced prisoners. Any such reason is evidence of the deliberate indifference required by *Elizarri v. Sheriff of Cook County*, 901 F.3d 787, 790 (7th Cir. 2018).

9. Defendants should not be heard to complain about the timeliness of this motion. Counsel for defendant Sheriff refused to produce a 30(b)(6) witness throughout September of 2021 and made a last-minute proposal to replace the deposition by an answer to an interrogatory framed by the Sheriff's attorney. Plaintiffs required a week to prepare and file this motion

because of undersigned counsel's intervening professional obligation to prepare and file by October 11, 2021 the brief of appellant in *White v. Woods*, No. 21-2291, 7th Cir., and to recover (on October 5 and 6) from fatigue as an apparent side effect of a COVID vaccination booster shot.

10. Plaintiffs' counsel shared this motion with defense counsel before filing; counsel for the Sheriff persists in refusing to produce a 30(b)(6) witness to testify about matter 3 of the Rule 30(b)(6) notice.

The Court should therefore compel defendant Sheriff to produce a witness to testify about matter 3 of the Rule 30(b)(6) notice: "The reasons, if any, for the decision of the Sheriff to hold detainee property that would be accepted by the Illinois Department of Corrections when transferring a detainee to IDOC."

               Respectfully submitted,

            /s/ <u>Kenneth N. Flaxman</u>
              Kenneth N. Flaxman
              ARDC No. 0830399
              Joel A. Flaxman
              200 S Michigan Ave Ste 201
              Chicago, IL 60604-2430
              (312) 427-3200
              knf@kenlaw.com
              *Attorneys for Plaintiff*