UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEONCIO ELIZARRI, et.al., ) | |
| ) | 17-CV-8120 |
| Plaintiff, ) | |
| ) | Honorable Judge |
| vs. ) | Steven C. Seeger |
| ) | |
| SHERIFF OF COOK COUNTY and ) | |
| COOK COUNTY, ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

Defendants, Cook County Sheriff Thomas J. Dart ("Defendant Sheriff") and Cook County, Illinois, by and through their counsel, KIMBERLY M. FOXX, State's Attorney of Cook County, through her assistants, EDWARD M. BRENER and REBECCA J. LAUE, and pursuant to Fed. R. Civ. P. 56 and N.D. Ill. Local Rule 56.1, reply in support of their motion for summary judgment.

**ARGUMENT**

**I.    Defendants withdraw their Qualified Immunity argument.**

Defendants agree that their Qualified Immunity is withdrawn.

**II.    Plaintiffs admit Defendants' Undisputed Material Facts.**

Plaintiffs admit all but one of Defendants' undisputed material facts, and those facts are deemed admitted. See Dkt. 201. Plaintiffs only dispute paragraph 16 of Defendants' Statement of Undisputed Material Facts, and only to the extent the Sheriff may remove items from a sealed property bag such as a wedding band or prescription eyeglasses. *Id.* at ¶ 16.

Defendants are mindful that Plaintiffs' admissions of fact do not automatically entitle them to an award of summary judgment, and that it remains their burden to show why they are entitled to

judgment as a matter of law. *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012). That said, where the admission of facts which conclusively establish that the movant is entitled to judgment as a matter of law, the Court should grant the motion. See *Dean v. Chi. Transit Auth.*, 118 Fed. Appx 993, 995-997 (7th Cir. 2005) (Summary judgment granted for the employer in an employment discrimination case where admissions of fact that rebutted a core element of the claim).

In this case, Plaintiff's admissions conclusively undermine their claims and entitle Defendants to judgment as a matter of law. Accordingly, Defendants Motion for Summary Judgment should be granted.

### III. Defendants are entitled to summary judgment with respect to Plaintiffs' Takings claim.

Plaintiffs do not rebut Defendants' argument regarding their Fifth Amendment Takings claim. See generally Dkt. 200. Instead, Plaintiffs now claim that they have withdrawn their Takings claim regarding inmate clothing. *Id.* at p. 1. The Takings claim is part of Plaintiffs' operative pleading. Dkt. 140, at ¶¶ 17-22. Regardless of the class related claims raised and then withdrawn in the briefing of the Plaintiffs' unsuccessful motion for class certification, the individual Plaintiffs never withdrew their Takings claim. Dkt. 155, at p. 1. ("The recent decision of the Seventh Circuit in Conyers v. City of Chicago, ___ F.4th ____ (No. 20-1934, August 18, 2021), petition for rehearing filed September 2, 2021, undercuts the arguments plaintiffs advanced in seeking certification of the "clothing" subclass. Rather than seek leave to amend the motion, *plaintiffs hereby withdraw their request for certification of the "clothing" subclass*.") (emphasis added).

This court should make a specific finding that Plaintiffs abandoned inventoried clothing in the possession of the Defendant Sheriff, and therefore their Takings claims under the Fifth Amendment fail. See *Conyers v. City of Chicago*, 10 F. 4th 704 (7th Cir. 2021) and *Kelly-Lomax v. City of Chicago*, No. 21-2891 (7th Cir. 2022). Defendants should be granted Summary Judgment

2

with respect to the Takings claims. Alternatively, because Plaintiffs withdraw their Takings claim, it should be dismissed with prejudice.

### IV. Seventh Circuit precedent controls, and Defendants are entitled to an award of summary judgment as to Plaintiffs' Fourteenth Amendment claims.

Plaintiffs make much of a string of state court cases which they believe bar police from ever destroying inventoried identification. Dkt. 200, at pp. 6-7. There are a number of problems with Plaintiffs' approach. For instance, unlike Plaintiffs' claims, none of the cited cases address property claims raised under the Due Process clause of the Fourteenth Amendment.[1] There is no evidence in the record that any of the Plaintiffs' various state IDs were destroyed. SOAF ¶¶ 9, 11, 12, 13 (noting only that Plaintiff Velleff's ID was 'eligible for destruction', not that it was actually destroyed). Class certification was denied, so the Plaintiffs are before this court only as individuals and the Defendant Sheriff's allegedly tortious actions with respect to third parties are beyond the scope of this litigation. Dkt. 169.

This court need not delve deeply into these flaws because Plaintiffs' claims are directly foreclosed by Seventh Circuit precedent. The Seventh Circuit was clear in *Conyers*: The Due Process Clause of the Fourteenth Amendment does not oblige the police to serve as an involuntary bailee for extended periods of time. *Conyers*, 10 F. 4th at 715. Even if there were evidence in the record that Plaintiff Velleff's ID had been destroyed, *Conyers* would still require a judgment in favor of the Defendant Sheriff because the Cook County Department of Corrections ("CCDOC") is not required to maintain his former property indefinitely. *Id.* The decisions of foreign state courts do not contradict or overturn controlling precedent of the Seventh Circuit in this district and

---

[1] *Price v. Stone*, 49 Ala. 543 (Ala. 1873) (the police is liable in tort for damage to seized property); *Adams v. Gardiner*, 52 Ky. 197 (Ky. App. 1852) (A bailee has a duty of care to maintain property); *Tinker v. Morrill*, 39 Vt. 477 (Vt. 1866) (A trover action for negligence for the damage of seized property); *People v. Ortiz*, 147 Cal.App.2d 248 (1956) (a challenge to police search and seizure procedures under the Fourth Amendment); *State v. Phifer*, 39 N.C. App. 278 (1979) (A challenge to police inventory procedure under the Fourth Amendment); *State v. Peck*, 449 P.3d 235 (2019) (a challenge to a search and seizure under the Washington state constitution).

this court should disregard them as irrelevant. Instead, the court should grant Defendants summary judgment.

V. **Plaintiffs Jordan and Velleff's 2014 claims had accrued and expired before this case was filed.**

Plaintiffs claim that Jordan and Velleff's claims accrued when their ID cards were allegedly destroyed, and that their claims are timely under the *American Pipe* tolling rule. Dkt. 200, at p. 9. This argument fails for the following reasons, and accordingly their claims are time barred.

First, there is no evidence in the record that these ID cards were ever destroyed. Plaintiff Jordan admits that it was returned to him. SOAF ¶ 11. If this court were to adopt Plaintiffs' proposed test, Jordan has admitted that he has not stated a claim, as his ID was not destroyed. Velleff implies that his ID was destroyed, but that contradicts the record, which asserts only that his ID was "eligible for destruction." SOAF ¶ 13. Regardless, Plaintiffs' theory of the timing of accrual of their claims is wrong.

Claims under the Due Process clause accrue when they ripen. *Unity Ventures v. County of Lake*, 841 F. 2d 770, 775 (7th Cir. 1988). "Generally, a limitations period begins to run when facts exist that authorize one party to maintain an action against another." *Logan v. City of Chicago*, 4 F. 4th 529, 540 (7th Cir. 2021). In this case, Plaintiffs' claims accrued when they were separated from their identification, or at latest, 45 days later when the Defendant Sheriff deemed it eligible for disposal. SOF ¶¶ 45, 62. As a result, their claims accrued on January 24, 2014 and March 13, 2015 when Velleff and Jordan respectively were transferred from CCDOC to IDOC, or at latest 45 days later on March 10, 2014 and April 28, 2015 respectively. Plaintiff Elizarri initiated this case on November 9, 2017. SOF ¶ 11. Even if this court finds that Jordan and Velleff's 2014 claims did not accrue until 45 days after January 24, 2014 and March 13, 2015, Plaintiff Elizarri's initial complaint was still filed too late to permit those claims to survive.

Plaintiffs reference a rule first enumerated in *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974), which held that the timely filing of a class action complaint tolls the statute of limitations for putative class members who move to intervene after class certification is denied. *American Pipe*, 414 U.S. at 552. Because Jordan and Velleff's 2014 claims had already expired when Elizarri filed his initial complaint, *American Pipe* tolling is inapplicable.

In order for a claim to relate back under Fed. R. Civ. P. 15(c), there must be some prior timely complaint filed. *Rizzo v. Wheaton Police Dep't.*, 2010 U.S. Dist. Lexis 50224 at fn 5. Because Jordan's claim accrued not later than April 28, 2015, and Velleff's claim accrued not later than March 10, 2014, the two-year statute of limitations had already expired when Plaintiff Elizarri filed his initial complaint on November 9, 2017. SOF ¶ 11. The Court explained that putative class members could not be precluded from filing timely motions to intervene after denial of class certification because they believed the class would protect their interests or were simply unaware of the litigation. *American Pipe*, 414 U.S. at 551-552. Here, the Court's concerns about the ignorant or overly trusting putative class member are not implicated because there is no timely filed complaint for those claims to relate back to. Jordan's and Velleff's claims arising from their 2014 arrests are time barred and Defendants are entitled to summary judgment thereto.

## **CONCLUSION**

WHEREFORE, Defendants, Cook County Sheriff Thomas J. Dart and Cook County, pursuant to Federal Rule of Civil Procedure 56, respectfully request that this Honorable Court enter an Order: (a) granting summary judgment in their favor and against Plaintiffs; (b) assessing their costs against Plaintiffs; and (c) providing Defendants with any other necessary and just relief.

Dated: January 6, 2023

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By: <u>*/s/ Edward M. Brener*</u>
Edward M. Brener
Rebecca J. Laue
Assistant State's Attorneys
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-5971
edward.brener@cookcountyil.gov
rebecca.laue@cookcountyil.gov
*Attorneys for Defendants Cook County Sheriff and Cook County*

6